PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LATANYA MELTON, | ) | |
| | ) | CASE NO. 5:21CV2193 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

An Administrative Law Judge ("ALJ") denied Plaintiff LaTanya Melton's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") after a hearing in the above-captioned case. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Darrell A. Clay for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a Report (ECF No. 14) recommending the decision of the Commissioner of Social

(5:21CV2193)

Security be reversed and the case remanded to the Commissioner for further proceedings and a new decision. For the reasons given below, the undersigned agrees.

**I.**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). Objections to the Report and Recommendation must be specific, not general, to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes "whether [the Commissioner's] decision is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g). The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d

2

(5:21CV2193)

1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a) and 416.905(a); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Cabrera v. Comm'r of Soc. Sec.*, No. 1:20CV1947, 2022 WL 782607, at *2 (N.D. Ohio March 15, 2022).

(5:21CV2193)

## II.

The Court has reviewed the Report and Recommendation (ECF No. 14) *de novo*. The Court has also considered Defendant's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 15).[1]

Plaintiff alleged disability due to depression, anxiety, and posttraumatic stress disorder ("PTSD") among other things, and claims that her mental health impairments alone render her unable to perform substantial gainful employment. She stated her mental status had become overwhelming and worse, and she was receiving therapy. *See* ALJ Hearing Decision (ECF No. 8) at PageID #: 264.

The regulations of the Social Security Administration ("SSA") for evaluation of medical opinion evidence in claims filed after March 27, 2017 apply in this case. *See* 20 C.F.R. §§ 404.1520c, 416.920c. Those regulations provide that "administrative law judges will now evaluate the 'persuasiveness' of medical opinions by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation." *Jones v. Comm'r of Soc. Sec.*, No. 3:19CV1102, 2020 WL 1703735, at *2 (N.D. Ohio April 8, 2020) (quoting *Gower v. Saul*, No. 4:19-CV-00058-HBB, 2020 WL 1151069, at *4 (W.D. Ky. March 9, 2020) (citing 20 C.F.R. § 404.1520c(a) and (b)). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors, with supportability and consistency acknowledged to be the most important factors for consideration. 20 C.F.R. § 404.1520c(c)(1)-(5); 20 C.F.R. § 404.1520c(b)(2); *Gower*, 2020 WL 1151069, at *4. While ALJs are required to explain how

---

[1] Plaintiff did not file a Response to the Objections.

4

(5:21CV2193)

consistency and supportability were considered, they "may, but are not required to, explain how [they] considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when [they] articulate how [they] consider medical opinions and prior administrative medical findings in [a claimant's] case record." 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

In finding the opinion of an acceptable medical source unpersuasive, the ALJ must provide "a coherent explanation for [her] reasoning. *Lester v. Saul*, No. 5:20CV1364, 2020 WL 8093313, at \*14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub* , No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021) (vacating the decision of the Commissioner and remanding the case to an ALJ). The above SSA regulations "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.' " *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at \*8 (N.D.N.Y. March 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)) (reversing the decision of the Commissioner and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings). An "ALJ's failure [ ] to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Id.*

Plaintiff's treating Board Certified Psychiatric Mental Health Nurse Practitioner (PNP) Rachael McLaughlin's opinion consisted of a two-page checkbox medical source statement form that she completed after about a year of treating Plaintiff. Exhibit 14F (ECF No. 8 at PageID #: 2237-38). Plaintiff claims the ALJ erred in not finding the opinion of PNP McLaughlin

5

(5:21CV2193)

persuasive. According to Plaintiff, the ALJ failed to apply the proper legal standards or reach a decision supported by substantial evidence in evaluating the opinion. In her 13-page decision, the ALJ's discussion of PNP McLaughlin's opinion is brief: "[a] counselor (sic) indicates that she cannot do any work and would require up to six additional breaks, would be off tasks more than 20%, cannot tolerate any work stress, can never have any interaction with others, and would be absent 4 days a month (14F). I do not find this to be persuasive as it is clearly overstated, as it is inconsistent with the treatment records and her ADLs [*i.e.*, activities of daily life or living,] as discussed above." Transcript of Proceedings (ECF No. 8) at PageID #: 268.

The magistrate judge concluded "the ALJ failed to provide [ ] a coherent explanation, and thus this matter must be remanded." ECF No. 14 at PageID #: 2296.

### III.

Defendant objects to the magistrate judge's recommendation that remand is appropriate because the ALJ failed to properly evaluate the opinion of Plaintiff's treating PNP, Rachael McLaughlin. Defendant requests the Court not adopt the Report and Recommendation (ECF No. 15) and affirm the Commissioner's decision finding Plaintiff not disabled.

The Court agrees with the magistrate judge that "the ALJ did not clearly explain her consideration of PNP McLaughlin's opinion nor identify the specific evidence supporting her conclusion that it was overstated and inconsistent with the remainder of Ms. Melton's medical records and activities of daily life—some of which support PNP McLaughlin's opinion, and some of which seemingly cut against it." ECF No. 14 at PageID #: 2297-98. See *Hardy, v. Comm'r of Soc. Sec.*, 554 F. Supp.3d 900, 907 (E.D. Mich. Aug. 13, 2021) (finding an ALJ did not meet the

6

(5:21CV2193)

articulation requirement when she failed to account for all of the opined limitations in a medical source's opinions—whether in accepting or discounting the limitations, and did not refer to any of the medical findings in the record). A district court cannot uphold an ALJ's decision, even if there is enough record evidence to support the decision, when "the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp.2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir.1996)).

## IV.

Accordingly, Defendant's Objections (ECF No. 15) are overruled. The Report and Recommendation (ECF No. 14) is adopted. The decision of the Commissioner of Social Security is reversed and the case remanded to the Commissioner for further proceedings and a new decision under sentence four of 42 U.S.C. § 405(g).[2]


IT IS SO ORDERED.

December 29, 2022     /s/ Benita Y. Pearson
Date     Benita Y. Pearson
    United States District Judge

---

[2] Sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), states:
> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.